IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **JOE AARON NELSON BAKER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Civil Action No. 5:05-0462 |
| ) | |
| **EVELYN SEIFERT,** ) | |
| **Warden, Northern Correctional Facility,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 6, 2005, Petitioner filed an Application Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody.[1] (Document No. 1.) As grounds for claiming entitlement to relief under Section 2254, Petitioner states as follows:

1. The West Virginia Statute under which Petitioner's conviction was obtained is unconstitutional.

2. There is a question of actual guilt even though the Petitioner entered an acceptable guilty plea.

(Document No. 1, pp. 5 - 6.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) For the reasons stated below, the undersigned respectfully recommends that Petitioner's Application be dismissed.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

**FACTUAL BACKGROUND**

Petitioner states that he pled guilty in State v. Baker, Criminal No. 03-F-119, in the Circuit Court of Greenbrier County, West Virginia, to the offense of Felon in Possession of a Firearm. (Document No. 1, p. 1.) On April 12, 2004, the Circuit Court sentenced Petitioner to four years of imprisonment. (Id.) Petitioner did not appeal his conviction or sentence. (Id., p. 2.) Rather, on May 12, 2004, Petitioner filed a Motion for Reduction of Sentence pursuant to Rule 35(b). (Id., p. 3.) The Circuit Court subsequently denied Petitioner's Motion. (Id.) On September 27, 2004, Petitioner filed a Petition for Writ of *Habeas Corpus* in the Supreme Court of Appeals of West Virginia. (Id., pp. 3 - 4.) Petitioner states that he alleged the following ground: "Statute which conviction obtained is unconstitutional and question of actual guilt upon an acceptable guilty plea."(Id., p. 3.) On January 20, 2005, the West Virginia Supreme Court refused Petitioner's Petition. Baker v. Fox, No. 041789 (Jan. 20, 2005).

On June 6, 2005, Petitioner filed the instant Application Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody. (Document No. 1.) Petitioner asserts two grounds for relief. (Id., pp. 5 - 6.) First, Petitioner argues that his conviction was unconstitutional. As supporting facts, Petitioner states as follows:

> The Petitioner in the instant case retains a Certificate of Discharge granted to him by the Commissioner of the West Virginia Division of Correction on May 29, 1991. This was issued to him for a previous felony conviction in 1982. The Department of Corrections 'Official Certificate of Discharge' states, 'This is to certify that Joe Baker #12819 is hereby discharged by expiration of sentence as of the 29th day of May, 1991. Any and all rights heretofore forfeited are restored. Done this the 16th day of April, 1991.' Signed by the Commissioner of Department of Corrections.

(Id., p. 5.) Next, Petitioner contends that there was insufficient evidence of actual guilt. In support of this claim, Petitioner states the following:

> Since the Petitioner retained his 'Certificate of Restoration of Civil Rights' and there was not other language in the certificate denying the Petitioner the right to possess a firearm and the only thing that the Certificate states is that 'Any and all Rights are restored' the Petitioner was not aware of any wrong that he committed, to cause him to be convicted of a felony. Pursuant to W. Va. Code § 61-7-7(c), . . . did knowingly, willingly, unlawfully own or possess firearms. The petitioner believed that he was lawfully entitled to own and possess a firearm because of the certificate he received from the State of West Virginia.

(Id., p. 6.) The undersigned called the Office of the West Virginia Division of Corrections and learned that Petitioner discharged his sentence and was unconditionally released from custody on June 25, 2005, nineteen days after he filed his Application in this case.

## ANALYSIS

First, the undersigned finds that while Petitioner raised essentially the same issue he raises herein in seeking *habeas* relief in the West Virginia Supreme Court of Appeals, the West Virginia Supreme Court of Appeals refused to consider the matter, and Petitioner failed to pursue the issue in *habeas* proceedings in the Greenbrier County Circuit Court. State prisoners must exhaust all available remedies in State Court before filing a *habeas* petition in federal Court. See 28 U.S.C. § 2254(b)(1). The exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in State Court, or (2) the Petitioner's claims will be deemed exhausted if no State remedies are available. See Gray v. Netherland, 518 U.S. 152, 161-62, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate State Courts. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.), cert. denied, 522 U.S. 833, 118 S.Ct. 102, 139 L.Ed.2d 57 (1997). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles'' must be presented to the state court.'" Id. (quoting Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). The

requirement of presentation of the same claim to all appropriate State Courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732-33, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the State's highest Court on either direct or collateral review. See O'Sullivan, 526 U.S. at 844, 119 S.Ct. at 1732; see also Moore v. Kirby, 879 F.Supp. 592, 593 (S.D.W.Va. 1995)("Exhaustion does not, however, require the filing of repetitious applications in the state courts, . . . and when, as here, the state's highest court has been presented with the claims on a petition for a direct appeal, the exhaustion requirement is satisfied."). West Virginia's post-conviction *habeas corpus* statute, W.Va. Code §§ 53-4A-1, et seq., and West Virginia's Rules Governing *Habeas Corpus* Proceedings provide that a petitioner may challenge his conviction and sentence collaterally by first seeking relief in the Circuit Court in which his conviction and sentencing occurred. See Markley v. Coleman, 215 W.Va. 729, 601 S.E.2d 49 (2004). When a prisoner files a *habeas* petition in the West Virginia Supreme Court of Appeals directly without pursuing any direct appeal of his conviction or sentence in the West Virginia Supreme Court or *habeas* relief in the Circuit Court and the Supreme Court of Appeals refuses to consider the *habeas* petition, the Supreme Court of Appeals' refusal is deemed without prejudice to the petitioner's right to initiate claims for *habeas* relief in the Circuit Court and then return to the West Virginia Supreme Court of Appeals for review of the Circuit Court's rulings. The prisoner's filing of a *habeas* petition in the West Virginia Supreme Court of Appeals directly. The Supreme Court's refusal to consider the petition does not suffice as exhaustion of State *habeas* remedies, a prerequisite for a federal Court's consideration of the prisoner's claims under 28 U.S.C. § 2254. White v. Duncil, 887 F.2d 1082, 1989 WL 117842 (4th Cir. (W.Va.)); Moore v. Kirby, 879

F.Supp. 592, 593 (S.D.W.Va. 1995)("[I]t is well established in this jurisdiction that, unless with prejudice, summary dismissals of habeas petitions invoking the original jurisdiction of the West Virginia Supreme Court will not satisfy exhaustion requirements."); McDaniel v. Holland, 631 F.Supp. 1544 (S.D.W.Va. 1986). Petitioner did not take a direct appeal of his conviction and sentence and did not initiate *habeas* proceedings in the Circuit Court of Greenbrier County where they occurred. Instead, he filed a petition seeking *habeas* relief in the West Virginia Supreme Court of Appeals, and his petition was summarily refused. Petitioner could have then initiated *habeas* proceedings in the Circuit Court of Greenbrier County and did not do so. Petitioner clearly did not exhaust his State *habeas* remedies, and his Application under Section 2254 herein must be dismissed for this reason.

Second, the undersigned finds that Petitioner's Section 2254 Application must be dismissed as moot. A petition for *habeas* relief may be filed where the petitioner is in custody in violation of the laws of the United States. 28 U.S.C. § 2254(a). To meet the "in custody" requirement, the petitioner must have been in custody at the time the *habeas* petition was filed. The "in custody" requirement may be met where the petitioner is not imprisoned so long as there are "significant restrictions" placed upon the petitioner's liberty. Hensley v. Municipal Court, 411 U.S. 345, 349, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). Thus, a petitioner who is on parole, probation, supervised release or release on bail is deemed to be "in custody" for *habeas* purposes. See Preiser v. Rodriguez, 411 U.S. 475, 486 n. 7, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(release on bail or on personal recognizance); United States v. Bryson, 981 F.2d 720, 726 (4th Cir. 1992)("Because Bryson's petition was filed before his probationary period expired, he has satisfied the custody requirement.") When a petitioner who is no longer "in custody" in any sense whether actually

incarcerated or subject to supervision, the petitioner's claims no longer present a live case or controversy and must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994).

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his unconditional release from custody and the absence of collateral consequences. See for example Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.); Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Taylor v. Huffman, 36 F.3d 1094, 1994 WL 525073, * 1 (C.A.4(Va.)). For this additional reason, Petitioner's Section 2254 Application must be dismissed.

Finally, the undersigned finds that Petitioner's claim herein fails on the merits. As the Fourth Circuit Court of Appeals found in United States v. Herron, 38 F.3d 115, 117 (4th Cir. 1994), W.Va. Code § 61-7-7 "sets forth specific procedures that must be followed for a convicted felon to have his firearms privileges restored. First, the individual must formally petition the circuit court for relief. Second, the court must consider evidence. Third, the court must 'find[] by clear and

convincing evidence that [the individual] is competent and capable of exercising the responsibility' of possessing a firearm. Finally, the court must enter an explicit order allowing the individual to possess a firearm." It is not evident that Petitioner followed this procedure, and the 1991 certificate of the discharge of Petitioner's felony conviction, a copy of which is attached to his Petition herein, stating that "all civil rights hereto forfeited are restored" clearly does not suffice to restore his right to possess a firearm such that his subsequent conviction and sentence as a felon in possession should be vacated.

## PROPOSAL AND RECOMMENDATION

The undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS**, that the District Court **DISMISS** Petitioner's Section 2254 Application (Document No. 1.), and remove this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106

S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner.

Date: August 4, 2008.

R. Clarke VanDervort
United States Magistrate Judge