IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JOE ARRON NELSON BAKER,

Petitioner,

v.                                                                 CIVIL ACTION NO. 5:05-cv-00462

EVELYN SEIFERT, Warden,

Respondent.

MEMORANDUM OPINION

Pending before the Court is Petitioner's Application Under 28 U.S.C. § 2254 for Writ of

Habeas Corpus [Docket 1]. By Standing Order entered on July 21, 2004, and filed in this case on

June 7, 2005, this action was referred to United States Magistrate Judge R. Clarke VanDervort for

submission of proposed findings and a recommendation (PF&R).  Magistrate Judge VanDervort

filed his PF&R [Docket 5] on August 4, 2008, recommending that this Court **DISMISS** the

application and remove this matter from the Court's docket.

The Court is not required to review, under a *de novo* or any other standard, the factual or

legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, failure

to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this

Court's Order. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*,

727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge VanDervort's PF&R were

due by August 21, 2008, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  To date, no

objections have been filed.[*]

Accordingly, the Court **ADOPTS** the PF&R [Docket 5] in its entirety, and **DISMISSES**

Petitioner's Application Under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Docket 1].  A separate

Judgment Order will enter this day implementing the rulings contained herein.

ENTER:        August 29, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[*]    The Court notes that on August 14, 2008, the PF&R was returned to the Clerk's Office as undeliverable.  Because Plaintiff has not kept the Court apprised of his address, he has failed to comply with this Court's local rules.  *See* LR Civ. P. 83.5 ("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.").